# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-97-LRR |
| vs. | **ORDER** |
| CARLOS LOPEZ-PINTO, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Carlos Lopez-Pinto's "Motion to Dismiss Based Upon Collateral Attack to Deportation Order" ("Motion") (docket no. 15).

## II. RELEVANT PROCEDURAL HISTORY

On December 4, 2013, the grand jury returned a one-count Indictment (docket no. 2) against Defendant. The Indictment charged Defendant with illegally re-entering the United States in violation of 8 U.S.C. § 1326(a). On January 3, 2014, Defendant filed the Motion.

On January 8, 2014, the grand jury returned a five-count Superseding Indictment (docket no. 20). Count 1 of the Superseding Indictment charges Defendant with knowingly using and possessing identification documents knowing that the documents were unlawfully obtained in violation of 18 U.S.C. § 1546(a). Count 2 charges Defendant with falsely representing a social security number to be assigned to him in violation of 42 U.S.C. § 408(a)(7)(B). Count 3 charges Defendant with falsely claiming to be a citizen of the United States in violation of 18 U.S.C. § 911. Count 4 charges Defendant with knowingly using a means of identification that Defendant knew belonged to another person in violation of 18 U.S.C. § 1028A(a)(1). Finally, Count 5 charges Defendant with illegally re-entering the United States in violation of 8 U.S.C. § 1326(a). Even though the Motion

seeks to dismiss the Indictment, the court, in the interest of efficiency and because Count 5 of the Superseding Indictment charges the same crime as the one-count Indictment, will treat the Motion as seeking to dismiss Count 5 of the Superseding Indictment.

On January 13, 2014, the government filed a Resistance to the Motion (docket no. 32). In the Motion, Defendant requests a hearing to present oral argument. The court concludes that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Defendant argues that the court should dismiss the Indictment[1] because Defendant was not afforded due process when he was ordered removed from the United States in 2007. Defendant argues that he was not provided due process because "the immigration officer failed to advise him of all of [his] rights in Spanish." Brief in Support of the Motion (docket no. 15-1) at 1. Defendant contends that had he been afforded due process, he could have been granted voluntary departure, and, therefore, the entry of the deportation order was fundamentally unfair. In the Resistance to the Motion (docket no. 32-1), the government argues that the court should deny the Motion because Defendant failed to exhaust his administrative remedies, was not deprived of the opportunity for judicial review, was afforded due process and has not shown that actual prejudice resulted from the 2007 deportation order.

Collateral attacks of deportation orders are governed by 8 U.S.C. § 1326(d), which states that an alien may challenge a deportation order only if the alien demonstrates that:

---

[1] The Indictment originally charged Defendant with illegally entering the United States after having been removed from the United States. The government appears to be relying on Defendant's 2007 removal to show that Defendant had previously been removed from the United States. Because the grand jury has since returned the Superseding Indictment, the Motion now only applies to Count 5 of the Superseding Indictment.

2

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

*Id.* To show that an error rendered the proceedings fundamentally unfair, an alien must show that the error resulted in actual prejudice. *United States v. Rodriguez*, 420 F.3d 831, 834 (8th Cir. 2005). "Actual prejudice exists where defects in the deportation proceedings may well have resulted in a deportation that would not otherwise have occurred." *Id.* (quoting *United States v. Torres-Sanchez*, 68 F.3d 227, 230 (8th Cir. 1995)) (internal quotation marks omitted).

### *A. Exhaustion*

Defendant argues that he "is excused from exhaustion since the officer did not advise him in Spanish of his rights to seek judicial review." Brief in Support of the Motion at 9. The court agrees with Defendant that *if* Defendant was not advised of his rights in Spanish, he could not be found to have validly waived his right to contest his 2007 deportation because such a waiver would not be voluntary and intelligent. *See Richardson v. United States*, 558 F.3d 216, 219-20 (3d Cir. 2009) ("An alien validly waives his rights associated with a deportation proceeding only if he does so voluntarily and intelligently." (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987))). However, the record shows that Defendant knowingly and voluntarily waived his right to contest his 2007 deportation. Specifically, Defendant filled out a form[2] that gave him notice of his rights and requested a disposition, and he checked a box which stated:

---

[2] The form is printed in English on one side and Spanish on the other. Defendant filled out the Spanish side. The court will use the corresponding language from the English side of the form.

> I admit that I am in the United States illegally, and I believe that I do not face harm if I return to my country. I give up my right to a hearing before the Immigration Court. I wish to return to my country as soon as arrangements can be made to effect my departure. I understand that I may be held in detention until my departure.

Notice of Rights (docket no. 32-2). Defendant not only checked the box, but the service officer also indicated that Defendant read the form and that the service officer read the form to Defendant in Spanish. Defendant also signed a Stipulated Request for Removal Order and Waiver of Hearing, in which Defendant agreed that he did not "wish to apply for any relief from removal for which [he] may be eligible . . . . Such relief may include voluntary departure." Stipulated Request for Removal Order and Waiver of Hearing (docket no. 32-4) at 2. On that same form, Defendant also agreed that he would "accept a written order for [his] removal" and that he did not "wish to appeal the written order of the Immigration Judge." *Id.* at 3. This form was written in both Spanish and English, and the Immigration Enforcement Agent certified that Defendant was able to read the form.

Defendant makes only a bare assertion that he was not advised of his rights to seek judicial review in Spanish, and he does not provide any reason why his waiver was not voluntary and intelligent except for the claim that the immigration officer did not advise him of his rights in Spanish. The record belies Defendant's assertion, and Defendant does not even attempt to provide any basis upon which the court could rely to find that Defendant's waiver was not voluntarily and intelligently made. *See United States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006); *United States v. Martinez-Rocha*, 337 F.3d 566, 569 (6th Cir. 2003). Accordingly, the court finds that Defendant has failed to exhaust his administrative remedies, and the court shall deny the Motion for this reason.

### B. *Opportunity for Judicial Review*

Because, as described above, Defendant was advised of his legal rights in Spanish and he voluntarily and intelligently waived his right to judicial review, Defendant was not deprived of the opportunity for judicial review. Accordingly, for this additional reason, the court shall deny the Motion.

### C. *Fundamental Fairness*

Defendant argues that the proceedings were rendered fundamentally unfair and he was prejudiced because if "he had an immigration hearing, the [Immigration Judge] had a duty to affirmatively advise [him] of possible avenues of immigration relief that were readily apparent." Brief in Support of the Motion at 6. Defendant specifically argues that the Immigration Judge should have advised him that he was eligible for "voluntary departure under safeguards." *Id.*

Once again, the record does not support Defendant's assertion. In the Stipulated Request for Removal Order and Waiver of Hearing, Defendant specifically agreed that he did not wish to apply for any relief from removal and that "[s]uch relief may include voluntary departure." Stipulated Request for Removal Order and Waiver of Hearing at 2. This form was also printed in Spanish, and the Immigration Enforcement Agent certified that Defendant could read the form. *See id.* at 4. Because Defendant specifically waived his ability to apply for relief from removal, including voluntary departure, Defendant has not shown that "the deportation proceedings may well have resulted in a deportation that would not otherwise have occurred." *Rodriguez*, 420 F.3d at 834 (quoting *Torres-Sanchez*, 68 F.3d at 230) (internal quotation marks omitted). Accordingly, the court shall deny the Motion for this reason.

### IV. CONCLUSION

In light of the foregoing, Defendant Carlos Lopez-Pinto's "Motion to Dismiss Based Upon Collateral Attack to Deportation Order" (docket no. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 11th day of February, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA